**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| DINAH TERREBONNE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-06-043 |
| | § | |
| FOREST OIL CORPORATION, | § | |
| | § | |
| Defendant. | § | |

<u>**ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE**</u>

This case arises out of personal injuries sustained by Dinah Terrebonne ("Plaintiff") while employed as a cook by Taylor Catherine, L.L.C. ("Taylor") aboard the M/V TAYLOR ("the vessel"). Plaintiff alleges that she was injured when the vessel struck a platform at Main Pass Block 75 in the Gulf of Mexico, allegedly owned and operated by Defendant Forest Oil Corporation ("Defendant"). Now before the Court is Defendant's Motion to Transfer Venue to the Eastern District of Louisiana. For the reasons stated below, Defendant's Motion is **GRANTED**, and this case is hereby **TRANSFERRED** to the Eastern District of Louisiana.[1]

**I. Background**

Plaintiff, a resident of Louisiana, claims that she was injured on or about August 12, 2005, when the vessel she was on allegedly struck the platform at Main Pass Block 75. Plaintiff alleges that the platform was unmarked and unlit. Main Pass Block 75 is located on the Outer Continental Shelf in the Gulf of Mexico off the coast of Louisiana, St. Bernard Parish, which is located within the

---

[1] The Court does not consider this Order worthy of publication. Accordingly, it has not requested and does not authorize publication.

1

Eastern District of Louisiana.  At the time of the alleged accident, Plaintiff was employed as a cook by Taylor aboard the vessel.  Taylor owned the vessel, and Jambon Boat Rentals, L.L.C. was the vessel's operator.  Plaintiff alleges that she was thrown from her bunk aboard the vessel when the vessel struck the platform, and sustained severe injuries.  The vessel sank into the Gulf of Mexico as a result of the allision, and was eventually recovered and salvaged.

Defendant now moves this Court to transfer this case to the Eastern District of Louisiana pursuant to 28 U.S.C. § 1404(a) on the ground that the Eastern District of Louisiana would be more convenient for both the Parties and witnesses, and that transfer to that forum would serve the interests of justice.

## II.  Legal Standard

The federal venue transfer statute provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a). The movant bears the burden of demonstrating to the Court that it should transfer the case. *See Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir.1989) (requiring the movant to make a showing that the forum sought is more convenient); *Time, Inc. v. Manning,* 366 F.2d 690, 698 (5th Cir.1966) ("At the very least, the plaintiff's privilege of choosing venue places the burden on the defendant to demonstrate why the forum should be changed."). In determining whether a venue transfer is warranted, the Court considers the availability and convenience of witnesses and parties; the cost of obtaining attendance of witnesses and other trial expenses; the place of the alleged wrong; the location of pertinent books and records; the possibility of delay and prejudice if transfer is granted; and the plaintiff's choice of forum, which is generally entitled to great deference. *See, e.g., Henderson v. AT & T Corp.*, 918 F.

2

Supp. 1059, 1065 (S.D. Tex. 1996); *Dupre v. Spanier Marine Corp.*, 810 F. Supp. 823, 825 (S.D. Tex. 1993); *Continental Airlines, Inc. v. American Airlines, Inc.*, 805 F. Supp. 1392, 1395–96 (S.D. Tex. 1992).  The decision to transfer a case lies within the sound discretion of the Court, and such determinations are reviewed under an abuse of discretion standard. *See Peteet*, 868 F.2d at 1436.

### III. Analysis

#### 1. Availability and Convenience of Witnesses

"The availability and convenience of witnesses is arguably the most important of the factors" in the § 1404(a) analysis. *LeBouef v. Gulf Operators, Inc.*, 20 F. Supp. 2d 1057, 1060 (S.D. Tex. 1998) (citing 15 CHARLES A. WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3851, at 415 (1986)). To support a Motion to Transfer on this ground, the movant must identify key witnesses and provide a brief outline of their testimony. *See id.* (citing *Dupre*, 810 F. Supp. at 825). "The convenience of one key witness may outweigh the convenience of numerous less important witnesses." *Id.*

Defendant argues that most of the key witnesses reside within the Eastern District of Louisiana, and that the transfer of this case to that District would substantially increase the availability and convenience of key witnesses. In support of this argument, Defendant identified three groups of witnesses: (1) Plaintiff's co-workers who have first-hand knowledge of the circumstances and conditions surrounding the alleged accident; (2) recovery and salvage personnel; and (3) Plaintiff's initial treating physicians.  All of Plaintiff's co-workers aboard the M/V TAYLOR CATHERINE are residents of Louisiana, and none of them are within Defendant's employ.  Therefore, they are beyond the subpoena power of this Court and their attendance at trial cannot be compelled. *Compare Lagan v. L & M Bo-Truc Rental, Inc.,* 261 F. Supp.2d 751, 754 (S.D. Tex.2003) (finding that defendants can

compel the attendance at trial of their own employees so the availability and convenience of such potential witnesses is given less weight).  Defendants claim that they intend to call the marine surveyors, recovery and salvage personnel regarding the condition of the vessel and the platform before and after the accident.  The recovery and salvage of the M/V TAYLOR CATHERINE was conducted by Environmental Safety and Health Consulting Services, Inc. and Coral Marine Services, Inc., both of which are Louisiana companies.  Finally, all of the physicians that treated Plaintiff immediately following the alleged accident are residents of Louisiana. Their attendance at trial likewise cannot be compelled by Defendant, and they are beyond the subpoena power of this Court. Although physicians routinely appear at trial through deposition, which can be presented conveniently anywhere, their availability and convenience weighs legitimately in the Court's analysis.

In Response, Plaintiff argues that his current treating physician and expert economist reside within this District. As retained experts, Plaintiff can compel both his physician and his economist to attend trial, thus, their availability and convenience are given relatively lesser weight. Plaintiff also claims that because her case against Defendant alleges that Defendant's offshore platform was improperly marked and/or improperly placed and this lead to the allision of August, 12, 2005, that much of her case will involve testimony from Defendant's management personnel located at company headquarters in Denver, Colorado.  Plaintiff argues that Denver, Colorado is equally inconvenient to Galveston, Texas and New Orleans, LA.[2]

While these circumstances present a close case, on the whole, Defendant has shown that the availability and convenience of key witnesses would be increased if this case were transferred to the

---

[2]Plaintiff also discusses at length the fact that Defendant does substantial business in this District and Division.  While this may be the case, that fact is more appropriately considered in jurisdictional questions than those of venue.

4

Eastern District of Louisiana.  This factor supports transfer.

*2. Cost of Obtaining the Attendance of Witnesses and Other Trial Expenses*

Parties to litigation face unavoidable costs in almost every case that goes to trial. *See Robertson v. M/V Cape Hunter*, 979 F. Supp. 1105, 1108 (S.D. Tex. 1997).  Furthermore, it is "rare that the forum in which the case is litigated is the most convenient or least costly for all the parties involved." *Id.*  Given the fact that the majority of the potential witnesses reside in Louisiana, and the case's overwhelming connection to Louisiana, it is reasonable to infer that the expenses of trial will be lessened if trial is held in New Orleans, Louisiana, rather than Galveston, Texas. This factor supports transfer.

*3. Location of Books and Records*

The location of books and records is generally of little importance in a personal injury case. Although Defendant has identified relevant documents that are presently in Louisiana, it has not given the Court any indication that these records are so voluminous that it would incur substantial cost in transporting them to this Court rather than the court in New Orleans. *See LeBouef*, 20 F. Supp. 2d at 1060.  This factor does not weigh for or against transfer.

*4. Plaintiff's Choice of Forum*

Plaintiff's choice of forum is generally entitled to great deference. However, Plaintiff's choice of forum is entitled to less deference when he does not reside within this Division or even this District.  *See, e.g.*, *Robertson*, 979 F. Supp. at 1109 (finding that a Mississippi plaintiff's choice of the Southern District of Texas was entitled to little or no deference where the case had no connection to the forum). It is undisputed that Plaintiff is a resident of Louisiana.  While this case has some connection to this District due to the fact that Defendant does business in Texas and Plaintiff's experts

5

reside in Houston, this is not enough of a connection to give any substantial weight to Plaintiff's choice of forum. This factor weighs neither for nor against transfer.

### 5. Place of the Alleged Wrong

The place of the alleged wrong is one of the more important factors in venue determinations. *See Lemery v. Ford Motor Co.*, 244 F. Supp. 2d 720, 733 (S.D. Tex. 2002); *Robertson*, 979 F. Supp. at 1106. The alleged wrong in this case took place offshore St. Bernard Parish, Louisiana at Main Pass Block 75 on the Outer Continental Shelf. This case has absolutely no connection to Galveston, Texas, and the residents of this Division have little if any interest in the outcome of this litigation. On the other hand, the residents of Louisiana most likely have a significant interest in the outcome of this lawsuit. This factor supports transfer.

### 6. Potential for Delay and Prejudice

Any transfer will produce some delay, and as such, Plaintiff must show that a transfer at this stage of the proceedings would cause a significant or unusual delay. *See In Re: Horseshoe Entertainment*, 337 F.3d 429, 434 (5th Cir. 2002) ("[I]n rare and special circumstances a factor of 'delay' or 'prejudice' might be relevant in deciding the propriety of transfer, but only if such circumstances are established by clear and convincing evidence."). Defendant moved for transfer before the Rule 16 Status Conference was held. Since the filing of Defendant's Motion, this case has been set for trial on February 26, 2007. Plaintiff has failed to show that transfer at this early stage of the proceedings would result in substantial delay or prejudice. This factor does not support retention.

## IV. Conclusion

After careful examination of the relevant venue factors coupled with the specific facts of this lawsuit, the Court concludes that Defendant has met its burden in demonstrating that a more

6

convenient forum for the resolution of this lawsuit exists.  For these reasons, and those outlined above, Defendant's Motion to Transfer Venue is **GRANTED**, and this case is hereby **TRANSFERRED** to the Eastern District of Louisiana.  Each Party is to bear its own taxable costs, attorneys' fees, and expenses incurred herein to date.

**IT IS SO ORDERED.**

**DONE** this 6th day of June, 2006, at Galveston, Texas.

Samuel B. Kent
United States District Judge